IN THE CIRCUIT COURT FOR **Prince George's County**
(City or County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS
*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT     CASE NUMBER CAL22-03167 (Clerk to insert)
CASE NAME: Jacqueline Pelt, et al.    vs.    Maryland State Police, et al.
                  Plaintiff                              Defendant
PARTY'S NAME: _____ PHONE: _____
PARTY'S ADDRESS: _____
PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTTORNEY'S NAME: Timothy F. Maloney & Samuel P. Morse   PHONE: (301) 220-2200
PARTY'S ATTTORNEY'S ADDRESS: 6404 Ivy Lane, Suite 400, Greenbelt, MD 20707
PARTY'S ATTTORNEY'S E-MAIL: tmaloney@jgllaw.com & smorse@jgllaw.com
JURY DEMAND? ☒ Yes ☐ No
RELATED CASE PENDING? ☐ Yes ☒ No If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL?: _____ hours  3  days

### PLEADING TYPE
New Case:      ☒ Original            ☐ Administrative Appeal    ☐ Appeal
Existing Case: ☐ Post-Judgment       ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

FILED FEB 18 2022 CLERK OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, M

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specfic Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Forclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☒ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assupmtion of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 10/2021)                Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) ||||
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

### MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $ _____     ☐ Wage Loss $ _____     ☐ Property Damages $ _____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒ Yes ☐ No                C. Settlement Conference    ☒ Yes ☐ No
B. Arbitration      ☒ Yes ☐ No                D. Neutral Evaluation        ☒ Yes ☐ No

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

### ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*

*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☒ More than 3 days of trial time
☐ 2 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

### EMERGENCY RELIEF REQUESTED

CC-DCM-002 (Rev. 10/2021)                    Page 2 of 3

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ Tax Sale Forclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

February 16, 2022
Date

6404 Ivy Lane, Suite 400
Address

Greenbelt      MD      20707
City      State      Zip Code

/s/ Timothy F. Maloney      8606010245
Signature of Counsel / Party      Attorney Number

Timothy F. Maloney
Printed Name

CC-DCM-002 (Rev. 10/2021)                    Page 3 of 3

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

JACQUELINE PELT
2503 Gerry Court
Clinton, Maryland 20735

and

DON CARZELL PELT
2503 Gerry Court
Clinton, Maryland 20735

and

SYRIA PELT
2503 Gerry Court
Clinton, Maryland 20735

*Plaintiffs,*

v.

MARYLAND DEPARTMENT OF STATE POLICE
   **Serve:**
   Office of Legal Counsel
   1201 Reisterstown Rd.
   Pikesville, Maryland 21208

and

PRINCE GEORGE'S COUNTY, MARYLAND
   **Serve:**
   Office of Law
   1301 McCormick Drive, Suite 4100
   Largo, Maryland 20774

*Defendants.*



CASE No. CAL22-03767

JURY TRIAL DEMANDED

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiffs Jacqueline Pelt, Don Pelt, and Syria Pelt, and by undersigned attorneys Timothy F. Maloney and Samuel P. Morse, of Joseph, Greenwald & Laake, P.A, file this Complaint, sue the Defendants Maryland State Police and Prince George's County, Maryland for cause, claim damages, demand judgment and state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Md. Code., Cts. & Jud. Proc. § 1-501

2. Venue is proper under Md. Code., Cts. & Jud. Proc. § 6-201 because the cause of action arose in Prince George's County.

## PARTIES

3. Plaintiff Jacqueline Pelt, one of the aggrieved parties in this suit, is an adult resident of Maryland. She resides at 2503 Gerry Court, Clinton, MD 20735. She is an injured party in this matter, and is the wife of Plaintiff Don Pelt.

4. Plaintiff Don Pelt, one of the aggrieved parties in this suit, is an adult resident of Maryland. He resides at 2503 Gerry Court, Clinton, MD 20735. He is an injured party in this matter, and is the husband of Plaintiff Jacqueline Pelt

5. Plaintiff Syria Pelt, one of the aggrieved parties in this suit, is an adult resident of Maryland. She resides at 2503 Gerry Court, Clinton, MD 20735. She is an injured party in this matter, and is the daughter of Plaintiffs Jacqueline and Don Pelt.

6. Defendant Maryland State Police ("MSP") is a law enforcement agency with statewide jurisdiction in the State of Maryland.

7.      Defendant Prince George's County, Maryland is a municipal corporation organized under the provisions of Art. XI-E of the Maryland Constitution. The County organizes, operates, and maintains the Prince George's County Police Department ("PGCPD"), the primary law enforcement agency of the County.

## NOTICE

1.      The State of Maryland received notice under Maryland Tort Claims Act ("MTCA") on February 20, 2020.

2.      Prince George's County received notice under the Local Government Tort Claims Act ("LGTCA") on February 20, 2020.

## FACTS COMMON TO ALL COUNTS

3.      The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

4.      Plaintiffs Jacqueline, Don, and Syria Pelt live, and at all times relevant, lived at 2503 Gerry Court, Clinton, Maryland 20735.

5.      Jacqueline Pelt is a certified income tax return preparer, and runs her income tax preparation business from an office in her home.

6.      Jacqueline Pelt was also, at all times relevant, employed by Congresswoman Eleanor Holmes-Norton.

### The Investigation of Don Pelt's Brother and Nephew

7.      On January 8, 2018, the Maryland State Police ("MSP"), and the United States Department of Homeland Security ("DHS")[1] began investigating Don Pelt's brother, Ronald Pelt, and his nephew Anthony Pelt, for an alleged fraud scheme.

---

[1] Plaintiffs Jacqueline Pelt and Syria Pelt have filed suit against the United States Department of Homeland Security in the United States District Court for the District of Maryland for claims arising out of the same incident described herein.

8. Anthony and Ronald Pelt have criminal histories stretching back to at least the early 1990s.

9. On December 25, 2018, Ronald Pelt was arrested by the Fairfax County Police Department in Virginia, after attempting to make a purchase at a Home Depot with a fraudulent check and a fraudulent Maryland driver's license.

10. While in custody, Ronald Pelt told the police that his name was 'Alfred Hicks' and that his address was 2503 Gerry Court Clinton, Maryland 20735.

11. Both of these statements were false.

12. Although Ronald Pelt never lived at 2503 Gerry Ct., law enforcement was aware of his connection to that address.

13. For several years, law enforcement agents came to 2503 Gerry Ct. looking for Ronald Pelt, and requested to search the home.

14. Each time, Jacqueline Pelt consented to the requests to search, but explained to law enforcement that Ronald Pelt did not live at 2503 Gerry Ct.

15. Therefore, law enforcement either knew that Ronald Pelt did not live at 2503 Gerry Ct., or at the very least, had serious reason to doubt the truth of Ronald Pelt's statements to the contrary.

16. On January 25, 2019, MSP Trooper First Class Maldonado surveilled various potential addresses for Ronald Pelt, including 2503 Gerry Ct.

17. TFC Maldonado confirmed that the three cars parked in the drive at 2503 Gerry Ct., were all registered to Don Pelt, and that there were no signs of Ronald Pelt's presence at 2503 Gerry Ct.

18. When MSP troopers searched the trash bin outside of 2503 Gerry Ct. in the days after TFC Maldonado conducted surveillance, they found a letter addressed to Alfred Hicks, which was the false name given by Ronald Pelt while he was in custody.

19. Based in part on this information, TFC Maldonado applied for a search and seizure warrant for 2503 Gerry Ct. in the District Court for Prince George's County on February 21, 2019.

20. That same day, Chief Judge C. Philip Nichols, Jr., of the District Court for Prince George's County found probable cause and issued the warrant to "Trooper First Class Maldonado or any duly constituted Police Officer of Maryland State Police."

### The Search of 2503 Gerry Court

21. At approximately 5:15 a.m. on February 22, 2019, officers from the Prince George's County Police Department ("PGCPD"), troopers from the MSP, and agents from DHS broke through the front door at 2503 Gerry Ct., and executed the search warrant.

22. Plaintiffs Jacqueline, Don, and Syria Pelt ran towards the front door, where they were met by federal agents pointing rifles at their heads.

23. Plaintiffs Jacqueline, Don, and Syria were instructed to turn away from the law enforcement agents, and place their hands behind their backs.

24. The law enforcement agents handcuffed all three Plaintiffs, removed the cushions and pillows from the couch, and sat the Plaintiffs down on the couch.

25. Plaintiff Don Pelt repeatedly asked what was happening, and was not given an answer, but told that someone would come in later and inform them.

26. As doors were being kicked in, Plaintiff Don Pelt told the agents that he could provide keys to each of the interior doors so they wouldn't have to be destroyed.

27. The agents ignored Plaintiff Don Pelt's offer to provide keys, and proceeded to destroy the Pelt's home.

28. For the next several minutes, Plaintiffs listened to agents kick down doors and set off the security alarms, break glass, and smash holes through the drywall.

29. Specifically, the agents destroyed the basement door, the front door and the storm door, the security system on the front door, the garage door, the door to the outdoor shed, and several interior doors.

30. The agents also broke several windows and damaged the drywall throughout the house.

31. The agents also searched all the vehicles at 2503 Gerry Ct.

32. The agents also ransacked Plaintiff Jacqueline Pelt's home office where she keeps confidential documents related to her tax return preparation business stored.

33. The agents searched mail addressed to Congresswoman Holmes-Norton that Jacqueline had in her possession, because she worked for Congresswoman Holmes-Norton

34. This rendered Jacqueline's office unusable and made it so that she was unable to conduct any business.

35. The law enforcement agents caused at least $10,000.00 in damage to the property.

36. These damages could have been avoided if the law enforcement agents had conducted the search in a reasonable manner.

37. While the damage to the property was substantial and costly, the law enforcement agents that executed the search warrant did so in an unnecessarily violent and destructive manner, that was patently unreasonable.

38. The extreme and unreasonable manner in which the search was conducted caused Plaintiff Jacqueline Pelt such stress that she experienced severe chest pain and nearly collapsed.

39. Seeing their wife and mother in medical distress caused Plaintiffs Don and Syria Pelt to experience severe anguish and distress as well.

40. Medical personnel were called to 2503 Gerry Ct., and performed an electrocardiogram (EKG) and blood pressure reading on Jacqueline.

41. Both readings concerned the medical personnel on site, and Jacqueline was taken in an ambulance to MedStar Southern Maryland Hospital Center for treatment, and was kept in the hospital until the next day for observation.

42. The early morning home invasion, destruction of property, and the stress of this event caused long-term psychiatric consequences.

43. Since February 22, 2019, Plaintiff Jacqueline Pelt suffered from anxiety, depression, and chronic insomnia.

44. Jacqueline Pelt is unable to sleep soundly, and can only do so with the aid of sleeping medication.

45. Any noises Jacqueline Pelt hears at night trigger her anxiety, and she fears that her home will again be broken into.

46. Jacqueline Pelt continues therapy, and schedules additional therapy sessions as needed.

47. Since the incident on February 22, 2019, Plaintiff Syria Pelt has suffered from severe anxiety.

48. As a result of this incident, Syria missed two semester of college.

49. Syria Pelt continues to attend therapy sessions, and due to the severity of her anxiety, has been referred to a psychiatrist for further treatment.

## COUNT I
### General Negligence- MTCA/LGTCA

50. Plaintiff adopts and incorporates by reference each and every allegation contained elsewhere herein verbatim with the same effect as it herein fully set forth.

51. Defendants owed Plaintiffs a duty to exercise reasonable care in the execution of the search warrant at 2503 Gerry Ct.

52. Defendants breached this standard of care when they executed the search and seizure warrant in a violent, extreme, and unnecessarily destructive manner.

53. The Defendants breach caused emotional, physical, and financial harm to the Plaintiffs, and extensive damage to the Plaintiffs' property.

**WHEREFORE**, the Plaintiffs, Jacqueline, Don, and Syria Pelt, respectfully demands judgment against the Defendants in an amount to be determined at trial and in excess of $75,000.00, plus interest and costs, punitive damages, attorneys' fees, as well as further and additional relief as the nature of this case may require and that this Court shall deem just and proper.

## COUNT II
### Intentional Infliction of Emotional Distress- MTCA/LGTCA

54. Plaintiff adopts and incorporates by reference each and every allegation contained elsewhere herein verbatim with the same effect as it herein fully set forth.

55. The Defendants conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result.

56. The Defendants conduct—breaking into and destroying the Pelt's home—was extreme and outrageous.

57. The Defendants reckless conduct caused Plaintiffs to experience severe emotional distress that has completely upset their lives and impeded their daily ability to function as they did before the incident.

**WHEREFORE**, the Plaintiffs Jacqueline, Don, and Syria Pelt, respectfully demands judgment against the Defendants in an amount to be determined at trial and in excess of $75,000.00, plus interest and costs, punitive damages, attorneys' fees, as well as further and additional relief as the nature of this case may require and that this Court shall deem just and proper.

## COUNT III
### Negligence *Per* Se-Violation of CL § 6-301-MTCA/LGTCA

58. Plaintiff adopts and incorporates by reference each and every allegation contained elsewhere herein verbatim with the same effect as it herein fully set forth.

59. Section § 6-301 of the Criminal Law article of the Maryland Code prohibits the willful and malicious destruction, injury, or defacing of the real or personal property of another.

**WHEREFORE**, the Plaintiffs Jacqueline, Don, and Syria Pelt, respectfully demands judgment against the Defendants in an amount to be determined at trial and in excess of $75,000.00, plus interest and costs, punitive damages, attorneys' fees, as well as further and additional relief as the nature of this case may require and that this Court shall deem just and proper.

## COUNT IV
### 4th Amendment Violation-42 U.S.C. § 1983
### Unreasonable Search and Seizure

60. Plaintiff adopts and incorporates by reference each and every allegation contained elsewhere herein verbatim with the same effect as it herein fully set forth.

61. 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof, to the deprivation of any rights privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

62. Plaintiffs have a constitutionally protected right under the Fourth Amendment to be free from unreasonable searches and seizures.

63. Agents from MSP and PGCPD violated that right during the execution of the search and seizure warrant at 2503 Gerry Ct. on February 19, 2019.

**WHEREFORE**, the Plaintiffs Jacqueline, Don, and Syria Pelt, respectfully demands judgment against the Defendants in an amount to be determined at trial and in excess of $75,000.00, plus interest and costs, punitive damages, attorneys' fees, as well as further and additional relief as the nature of this case may require and that this Court shall deem just and proper.

### COUNT VI
### 4th Amendment Violation-42 U.S.C. § 1983
### Unauthorized Execution of
### Search Warrant (As to PGCPD)

64. Plaintiffs adopts and incorporates by reference each and every allegation contained elsewhere herein verbatim with the same effect as it herein fully set forth.

65. The search and seizure warrant for 2503 Gerry Ct. was issued and addressed to TFC Maldonado, and any other duty constituted officers of the Maryland State Police.

66. The search and seizure warrant was executed by agents of the PGCPD, none of whom were authorized to execute the search and seizure warrant.

67. Unauthorized persons are permitted to assist in the execution of a search warrant only where their presence is necessary to conduct the search and seizure.

68. The presence of the PGCPD was not necessary to execute the search and seizure warrant.

**WHEREFORE**, the Plaintiffs Jacqueline, Don, and Syria Pelt, respectfully demands judgment against the Defendants in an amount to be determined at trial and in excess of $75,000.00, plus interest and costs, punitive damages, attorneys' fees, as well as further and additional relief as the nature of this case may require and that this Court shall deem just and proper.

### COUNT VIII
### Violation of 18 U.S.C. § 3109

69. Plaintiffs adopt and incorporate by references each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth.

70. 18 U.S.C. § 3109 provides that if an officer executing a search warrant provides "notice of his authority and purpose," and is thereafter "refused admittance," the officer may "break open any outer or inner door or window, or any part of a house, or anything therein, to execute a search warrant."

71. The officers involved in the search of 2503 Gerry Ct., upon information and belief, did not announce their authority or purpose and were not refused admittance.

72. In fact, the Plaintiffs tried to facilitate the search by offering to open doors and to provide keys to locked areas of the house.

73. The officers then proceeded to break outer and inner doors in the house, windows, and other parts of the house and outbuildings to execute the search warrant, in violation of 18 U.S.C. § 3109.

**WHEREFORE**, the Plaintiffs Jacqueline, Don, and Syria Pelt, respectfully demands judgment against the Defendants in an amount to be determined at trial and in excess of $75,000.00, plus interest and costs, punitive damages, attorneys' fees, as well as further and additional relief as the nature of this case may require and that this Court shall deem just and proper.

### JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

Respectfully Submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: _____
Timothy F. Maloney, (CPF 8606010245)
tmaloney@jgllaw.com
Samuel P. Morse, (CPF 2012180120)
smorse@jgllaw.com
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Phone: (301) 220-2200
Facsimile: (301) 220-1214
*Counsel for Plaintiffs*

12

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**JACQUELINE PELT**
2503 Gerry Court
Clinton, Maryland 20735

and

**DON CARZELL PELT**
2503 Gerry Court
Clinton, Maryland 20735

and

**SYRIA PELT**
2503 Gerry Court
Clinton, Maryland 20735

*Plaintiffs,*

v.

**MARYLAND DEPARTMENT OF STATE POLICE**
    <u>Serve:</u>
    Office of Legal Counsel
    1201 Reisterstown Rd.
    Pikesville, Maryland 21208

and

**PRINCE GEORGE'S COUNTY, MARYLAND**
    <u>Serve:</u>
    Office of Law
    1301 McCormick Drive, Suite 4100
    Largo, Maryland 20774

*Defendants.*

CASE No. CAL22-03767

**JURY TRIAL DEMANDED**

**FILED**

FEB 18 2022

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD

## LINE

Please accept for filing the attached Complaint, issue Summonses thereon, and return the Summonses to the undersigned counsel for service.

Respectfully Submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By _____
Timothy F. Maloney, Esq. (CPF No. 8606010245)
tmaloney@jgllaw.com
Samuel P. Morse, Esq.
smorse@jgllaw.com (CPF No. 2012180120)
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Phone: (301) 220-2200
Facsimile: (301) 220-1214
*Counsel for Plaintiff*

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| JACQUELINE PELT<br>2503 Gerry Court<br>Clinton, Maryland 20735<br><br>and<br><br>DON CARZELL PELT<br>2503 Gerry Court<br>Clinton, Maryland 20735<br><br>and<br><br>SYRIA PELT<br>2503 Gerry Court<br>Clinton, Maryland 20735<br><br>*Plaintiffs,*<br><br>v.<br><br>MARYLAND DEPARTMENT OF STATE POLICE<br>    <u>Serve:</u><br>    Office of Legal Counsel<br>    1201 Reisterstown Rd.<br>    Pikesville, Maryland 21208<br><br>and<br><br>PRINCE GEORGE'S COUNTY, MARYLAND<br>    <u>Serve:</u><br>    Office of Law<br>    1301 McCormick Drive, Suite 4100<br>    Largo, Maryland 20774<br><br>*Defendants.* | **FILED**<br><br>FEB 18 2022<br><br>CLERK OF THE CIRCUIT COURT<br>FOR PRINCE GEORGE'S COUNTY, MD<br><br>CASE No. CAL22-03767<br><br>**JURY TRIAL DEMANDED** |

## LINE ENTERING APPEARANCE

Please enter the appearances of Timothy F. Maloney, Esq. and Samuel P. Morse, Esq. of Joseph, Greenwald & Laake, P.A., as Counsel for the Plaintiffs in the above captioned matter.

Respectfully Submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By_____
Timothy F. Maloney, Esq. (CPF No. 8606010245)
tmaloney@jgllaw.com
Samuel P. Morse, Esq.
smorse@jgllaw.com (CPF No. 2012180120)
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Phone: (301) 220-2200
Facsimile: (301) 220-1214
*Counsel for Plaintiff*